## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-61455-CIV-SMITH

DIVYA KHULLAR, *et al.*,

      Plaintiffs,

v.

BRIAN DEHAAN, *et al.*,

      Defendants.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Amended Motion for Reconsideration of Order Denying Motion to Vacate Order of Dismissal Without Prejudice [DE 36].   The Court dismissed this case without prejudice on October 23, 2019 due to Plaintiffs' failure to timely file proof of service with the Court.   (*See* DE 30.)   On November 8, 2019, the Court denied (*see* DE 32) Plaintiffs' motion to vacate the order of dismissal and noted that Plaintiffs still had not filed proof of service with the Court.   In the instant Motion, Plaintiffs indicate that six Defendants were served after the case was dismissed and, therefore, move for reconsideration of the order denying their motion to vacate.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."   *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).   "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."   *Id.* at 1369 (citation omitted).   "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest

injustice." *Id.*

Plaintiffs have not provided any valid basis for the Court to grant the Motion.   This matter does not involve an intervening change in controlling law or the availability of new evidence. Similarly, there was no error and the manifest injustice prong is inapplicable here.   The case was dismissed because Plaintiffs failed to fulfil their obligations under the Federal Rules of Civil Procedure and failed to be vigilant in the prosecution of their claims – even though they were given extensions of time and, for good cause, had the opportunity to timely request further extension. Moreover, the matter was dismissed *without* prejudice, so Plaintiffs are not barred from bringing their claims at a future time.   Accordingly, it is

**ORDERED** that Plaintiffs' Amended Motion for Reconsideration [DE 36] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of December 2019.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record